**Millard P. BUCK and Dorothy J. Buck, Plaintiffs-Appellees,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 72–1306.

United States Court of Appeals, Tenth Circuit.

Sept. 13, 1972.

William D. Lunn, Muskogee, Okl., (Wilcoxen, Gephart, Lunn & Mayes, Muskogee, Okl., on the brief), for plaintiffs-appellees.

David English Carmack, Atty., Tax Div., Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Nathan G. Graham, U. S. Atty., and Jack M. Short, Asst. U. S. Atty., on the brief), for defendant-appellant.

Before BREITENSTEIN, SETH and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

At issue is the validity of an injunction against the United States restraining the application of proceeds from seizures by the Internal Revenue Service on account of unpaid taxes, penalties, and interest in any manner other than the chronological order of the due dates thereof. The IRS proposes to apply the proceeds pro rata.

The taxpayers, Millard P. Buck and Dorothy J. Buck, are husband and wife and reside in Oklahoma. The complaint alleges that the IRS made assessments for varying periods from 1955 through 1967 on account of unpaid federal income tax, federal withholding taxes, and taxes due under the Federal Unemployment Tax Act and the Federal Insurance Contribution Act; that the plaintiffs "have never denied" liability for the taxes; that they do deny the validity of the fraud penalties and the failure-to-file penalties; that the pertinent tax returns were duly and timely filed; that no remittance accompanied any return; that the total of the assessed taxes, penalties, and interest is $102,658.06; that the collection procedures "have completely tied up all of the taxpayer's [sic] resources"; and that the IRS pro rata allocation will result in their inability "to litigate the issue of their liability for the disputed penalties." A motion for preliminary injunction was supported by the affidavit of taxpayer Millard Buck saying that failure to grant the injunction will result in irreparable injury because of the taxpayers' inability "to litigate the issue of their liability for the taxes and penalties assessed against them."

The United States moved to dismiss on the ground that sovereign immunity had not been waived. After a hearing at which no evidence was introduced, the court made findings of fact, stated conclusions of law, and granted a preliminary injunction. In denying the government motion to amend the findings and conclusions, the court entered an order which said "further proceedings in this Court are not called for."

■ By converting the government's motion to dismiss and the taxpayers' application for a preliminary injunction into a plenary hearing on the merits, the court deprived the government of the right to contest the facts alleged in the complaint. The motion to dismiss admitted the facts alleged in the complaint for the purpose of that motion—not for the purpose of determining the taxpayers' right to an injunction. The procedural defect is enough to require reversal, but we decline to act on that ground because of the importance of the jurisdictional question.

 The United States, as sovereign, may not be sued without its consent and the terms of its consent define the court's jurisdiction. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058; see also Harkins v. United States, 10 Cir., 375 F.2d 239, 242. To establish consent and jurisdiction, taxpayers and the trial court relied on 28 U.S.C. § 1346(a)(1). This section, as limited by 26 U.S.C. § 7422(a), gives consent only when the assessment has been paid, Flora v. United States, 357 U.S. 63, 75, 78 S.Ct. 1079, 2 L.Ed.2d 1165, and a claim for refund has been filed. United States v. Rochelle, 5 Cir., 363 F.2d 225, 233. Taxpayers present no claim that any assessment has been paid or that any application for refund has been filed.

Taxpayers argue that if relief is not granted they will be unable to contest the validity of the penalties and will suffer irreparable harm in violation of their Fifth Amendment rights. We need not explore what remedies the taxpayers might have had or now have because we are concerned with sovereign immunity. Whatever actions the taxpayers might have maintained against the Collector of Internal Revenue, cf. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, and Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, are unimportant because we have a suit against the United States, not against a collector.

The reliance of taxpayers on 26 U.S.C. § 7422(f) is misplaced. That section provides that refund suits may be maintained only against the United States and not against an officer or employee thereof. The intent to limit that section to refund suits appears not only in its clear language but also in the legislative history. See Sen.Rep.No.1625, 89th Cong. 2d Sess., 3 U.S.Cong. & Admin. News, 1966, pp. 3676, 3681–3682. Section 7422(f) has no application to suits against the United States to compel a desired application of the proceeds arising from IRS seizures.

Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113, is not in point because it does not present a sovereign immunity problem. Taxpayers' emphasis on the general equity powers of the court is irrelevant because before those powers may be exercised the court must have jurisdiction.

 We are convinced that § 1346(a)(1) does not grant the consent of the United States to a suit such as the one at bar and hence the court was without jurisdiction. This conclusion makes it unnecessary for us to consider the efforts of the taxpayers to extricate themselves from the provisions of 26 U.S.C. § 7421(a) forbidding suits to restrain the collection or assessment of any tax. For the same reason we need not be concerned with the applicability of our decision in O'Dell v. United States, 10 Cir., 326 F.2d 451, 456, holding that a court is without power or jurisdiction to direct the application of involuntary tax payments.

Reversed with directions to dismiss the action.